```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

    v.                                Civil No. 18-cv-611-LM
                                      Opinion No. 2018 DNH 176

Defense Contract Management
Agency, et al.


O R D E R

Sanjeev Lath, a former employee of the Defense Contract Management Agency ("DCMA"), brought a small claim complaint in New Hampshire Circuit Court against the DCMA, James Mattis, the Secretary of the United States Department of Defense, Delisa Hernandez, the director of the DCMA, and David Shoenig, a DCMA employee.  Lath, who is proceeding pro se, alleges that the DCMA was supposed to station him in Tewksbury, Massachusetts, but instead stationed him in Andover, Massachusetts.  Lath seeks payment for travel expenses he allegedly incurred in traveling to Andover, as well as payment for taking unscheduled leave on February 9, 2017, when a state of emergency was declared in New Hampshire and Massachusetts.  Defendants removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1) and now move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that that Civil Service Reform Act ("CSRA") applies to Lath's claim and divests the court of subject matter jurisdiction. Lath objects.

**STANDARD OF REVIEW**

The court must determine whether subject matter jurisdiction exists before considering the merits of the complaint. Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). When jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the court takes the factual allegations in the complaint as true, with reasonable inferences in the plaintiff's favor, and may also consider other evidence that is submitted. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

**DISCUSSION**

Defendants argue that in his employment with the DCMA, Lath was covered by the CSRA. They contend that because the CSRA provides the exclusive mechanism through which Lath may challenge an adverse personnel action, such as the DCMA's alleged failure to pay for his travel expenses and unscheduled leave, this court lacks jurisdiction over his claim.

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees." United States v. Fausto, 484 U.S. 439, 455 (1988). "This framework provides the exclusive mechanism for challenging adverse personnel actions in federal employment." Rodriguez v. United States, 852 F.3d 67, 82 (1st Cir. 2017).

Under the CSRA, an aggrieved federal employee may appeal an adverse personnel action to the Merit Systems Protection Board ("MSPB").  See 5 U.S.C. § 7701(a).  "Subject to limited statutory exceptions, the appellant may then petition for review of the MSPB's decision to the Federal Circuit."  Rodriguez, 852 F.3d at 82 (citing 5 U.S.C. § 7703(b)(1)(A)).

The CSRA, however, does not provide "the only means of judicial review of any actions affecting federal employees . . . ."  Bosco v. United States, 931 F.2d 879, 883 (Fed. Cir. 1991).  Instead, it is "the only means of review as to the types of adverse personnel action[s] specifically covered by the CSRA . . . ."  Id.  As relevant to Lath's claim, the CSRA encompasses personnel actions "including '(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less.'"  Abramson v. United States, 42 Fed. Cl. 326, 332 (Fed. Cl. 1998) (quoting 5 U.S.C. § 7512(1)-(5) (emphasis added)).

Lath does not dispute that he is a federal employee covered by the CSRA.[1]  He argues that his claim is not subject to the

---

[1] Although the CSRA does not apply to all federal employees, the Act applies to "competitive service employees," such as Lath, "for whom nomination by the President and confirmation by the Senate is not required, and who are not specifically excepted from the competitive service by statute or by statutorily authorized regulation."  Fausto, 484 U.S. at 441 n.1; see also doc. no. 3-2 at ¶ 3 (noting that the position of

CSRA, however, because it "arises out of New Hampshire Wage Law codified in NH RSA 275" and therefore "falls outside the CSRA." Doc. no. 6 at 13, 14.  Lath states several times in his objection that his claim in this case is one for unpaid wages under New Hampshire state law.  See doc. no. 6 at 13, 14, 15, 16, 17, 18 & 19).

In light of Lath's clarification in his objection, Lath's claim in this case is that defendants violated RSA Chapter 275. It is unclear whether Lath's state law wage claim is based on allegations of a "reduction in pay" such that it falls within the purview of the CSRA.  See Thayer-Ballinger v. U.S. Postal Serv., No. 1:11-CV-745-WTL-TAB, 2013 WL 2368791, at *2-3 (S.D. Ind. May 29, 2013) (holding that the defendant had not shown that plaintiff's claim under Indiana's wage statute was based on allegations of a "reduction in pay" and thus had not shown that the claim was preempted by the CSRA); Hannon v. United States, 48 Fed. Cl. 15, 25 (Fed. Cl. 2000) (holding that the plaintiff's claim challenging government's denial of overtime compensation and benefits was not subject to the CSRA); Bradley v. United States, 42 Fed. Cl. 333, 336 (Fed. Cl. 1998).  Therefore, because Lath has clarified his claim in his objection and in light of his pro se status, and because the government has not

---

quality assurance engineer at the DCMA was identified as a competitive service position).

4

specifically addressed the application of the CSRA to Lath's state wage law claim, the government's motion to dismiss for lack of subject matter jurisdiction is denied without prejudice.[2]

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (doc. no. 3) is denied without prejudice.

SO ORDERED

_____
Landya McCafferty
United States District Judge

September 4, 2018

cc: Sanjeev Lath, pro se
    Terry L. Ollila, Esq.

---

[2] The court takes no position as to whether Lath's state wage law claim is preempted by any other statutory or regulatory scheme applicable to the DCMA.